UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Albines Joseph, # 147764, | ) C/A No. 8:12-2014-JFA-JDA |
| Plaintiff, | ) |
| vs. | ) |
| S.C. Supreme Court, *Justices of*; | ) Report and Recommendation |
| Director Department of Correction; | ) |
| State of South Carolina; | ) |
| Municipality of Manning; | ) |
| Clerk Joseph W. Coker; | ) |
| Henry M. Turbeville; | ) |
| Anelle C. Powell; | ) |
| Governor of Florida; | ) |
| State and County of Port Charlotte; | ) |
| Ray Chandler, *of Coffee, McKenzie and Chandler, Attorney at Law*; | ) |
| Director Byars, *Director SCDC*; and | ) |
| SLED, | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections. He is serving a life sentence for murder. Exhibits appended to the Complaint indicate that on June 7, 1988, in the Court of General Sessions for Clarendon County, Plaintiff pled guilty to murder and grand larceny (Indictment No. 88-GS-14-143), and was sentenced to life in prison. One exhibit (ECF No. 1-4, at page 2) indicates that Plaintiff would become eligible for parole after twenty (20) years. The "STATEMENT OF CLAIM" portion of the Complaint indicates that Plaintiff is challenging the constitutionality of S.C. Code Ann. § 16-3-10; the exercise of jurisdiction by a municipal judge and a county magistrate; the validity of Plaintiff's indictment, conviction and sentence; and the quality of his legal representation by an attorney.

Plaintiff was successful in vacating his conviction for grand larceny, but his conviction for murder was affirmed. *See*, *e.g.*, *Joseph v. State*, 351 S.C. 551, 571 S.E.2d 280, 281–86 (2002) (appeal concerning habeas corpus and post-conviction cases), parts of which have been superannuated by later case law. An unrelated conviction for possession of contraband in prison was also resolved in Plaintiff's favor. *State v. Joseph*, 328 S.C. 352, 491 S.E.2d 275, 281–82 (S.C.Ct.App. 1997) (reversal of conviction possession of contraband [crack cocaine and marijuana] at Kirkland Correctional Institution because of chain of custody problems).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*);

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Plaintiff's claims relating to his arrest, indictment, guilty plea, conviction, and the constitutionality of South Carolina's murder statute are subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486–87 (footnote omitted).

Plaintiff's former attorney, Mr. Chandler, is entitled to summary dismissal because he has not acted under color of state law or under color of federal law with respect to his representation of Plaintiff. *See Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2-3 (4th Cir. 1980).

Plaintiff's challenge to the constitutionality of S.C. Code Ann. § 16-3-10 appears to have resulted from a misunderstanding by Plaintiff about the compilation of the South Carolina Code of Laws. Unlike most States, South Carolina's Code of Laws, in bound copies, contains the notation "South Carolina Code of Laws 1976." Prior to the recodification of the South Carolina Code of Laws in the mid 1970's, South Carolina used its 1962 Code of Laws. The official version of South Carolina's 1962 Code of Laws was published by the Mitchie Company, then an independent legal publishing company.[2] South Carolina in the mid 1970's contracted with the Lawyers Cooperative Publishing Company to publish the 1976 South Carolina Code of Laws. As a result, South Carolina was, then, the only State to have a privately-published annotated code of laws as its official code of laws.

Plaintiff was not convicted under Section 16-52 of the South Carolina Code of Laws of 1962, which was found to be unconstitutional in South Carolina Attorney General's

---

[2]The LexisNexis® Service acquired the Mitchie Company in 1988. *See* http://www.lexisnexis.com/en-us/about-us/about-us.page (last visited on July 24, 2012).

Opinion No. 4388, which is reported at 1976 WL 23006 (S.C.A.G. July 7, 1976).³ Rather, Plaintiff was convicted under a later version of the statute, even though the statute appears under the heading "South Carolina Code of Laws 1976."

Plaintiff's claims of false arrest fail because Plaintiff's indictment (ECF No. 1-4) establishes probable cause for Plaintiff's arrest. *See Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3d Cir. 2000), and *Sibdhannie v. Coffey*, No. CIV. A. 06-3394(PGS), 2006 WL 3780778, at *3 (D.N.J. Dec. 21, 2006) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."), which are cited in *Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007).

---

³Section 16-52 was unconstitutional because it imposed a mandatory death penalty for a conviction of murder. *See* South Carolina Attorney General's Opinion No. 4388, which is reported at 1976 WL 23006, at *2 (S.C.A.G. July 7, 1976) ("It is the opinion of this Office that South Carolina's mandatory death penalty for murder in specified circumstances offends the Constitutional principles set forth in *Gregg* and the other subject decisions of the United States Supreme Court filed July 2, 1976.").

Subsequent versions of S.C. Code Ann. § 16-3-10 et seq. have been found to be constitutional because of the bifurcated proceedings, which provide for a separate "guilt phase" and, if necessary, a separate "penalty phase," both of which are triable before a jury, unless the jury trial is waived by the defendant. See, *e.g.*, S.C. Code Ann. 16-3-29(B) (Westlaw 2012); *State v. Inman*, 395 S.C. 539, 720 S.E.2d 31 (2011) (death penalty case where defendant waived his right to a jury trial); and *State v. Moore*, 357 S.C. 458, 593 S.E.2d 608, 611 (2004) ("Further, as noted previously, the trial court here specifically instructed the jury that it was not permitted to consider punishment at the guilt-or-innocence stage, but that, if Moore were found guilty, there would be a second, sentencing phase of trial at which his punishment would be determined.").

The State of South Carolina, the Supreme Court of South Carolina, the South Carolina Department of Corrections, and the State Law Enforcement Division ("SLED") are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dep't*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Plaintiff does not provide specific allegations relating to the Florida defendants in this case. Information in one of Plaintiff's prior cases, however, indicates that Plaintiff's claims against the Florida defendants concern his extradition from Florida to South Carolina. Plaintiff's claims relating to his extradition from Florida to South Carolina were addressed by this Court in *Marcus A. Joseph v. Charlotte County Sheriff's Department; Glen E. Sapp; Mike Gandy; H. M. Turbeville; and Gary Martin*, Civil Action No. 3:92-2198-17AJ, after the United States Court of Appeals for the Fourth Circuit remanded the case for consideration under the holding in *Wirth v. Surles*, 562 F.2d 319, 323 (4th Cir. 1977). *See Joseph v. Charlotte County Sheriff's Dept.*, No. 92-6932, 998 F.2d 1009 [Table], 1993 WL 241785 (4th Cir. March 3, 1993). On remand, the case was served upon the Florida defendants and summary judgment was granted to them on September 26,

1994.  On appeal after remand, the United States Court of Appeals for the Fourth Circuit affirmed the grant of summary judgment.  *Joseph v. Charlotte County Sheriff's Dept. (Florida)*, No. 94-7286, 50 F.3d 6 [Table], 1995 WL 115896 (4th Cir. March 20, 1995).

This Court may take judicial notice of Civil Action No. 3:92-2198-17AJ.  *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.'").

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process.  Plaintiff's attention is directed to the Notice on the next page.

July 25, 2012  
Greenville, South Carolina

s/Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).