UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Albines Joseph, #147764, ) | C/A No. 8:12-2014-JFA-JDA |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| SC Supreme Court Justices; Director ) | |
| Department of Corrections; State of South ) | |
| Carolina; Municipality of Manning; Clerk ) | |
| Joseph W. Coker; Henry M. Turbeville; ) | |
| Anelle C. Powell; Governor of Florida; ) | |
| State and County of Port Charlotte; Ray ) | |
| Chandler of Coffee, McKenzie & Chandler, ) | |
| Attorneys at Law; Director Byars, Director at ) | |
| SCDC; and SLED. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Marcus Albines Joseph, brings this action pursuant to 42 U.S.C. § 1983.[1]  He is an inmate with the South Carolina Department of Corrections serving a life sentence for murder.  His complaint raises various allegations of the constitutionality of the South Carolina code under which he was convicted, as well as the validity of his conviction and the judges' jurisdiction over his case.  Plaintiff seeks damages in the amount of $80,000,000.

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has

Recommendation and opines that the complaint should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), that plaintiff's claims relating to his arrest, indictment, guilty plea, conviction, and the constitutionality of South Carolina's murder statute are subject to summary dismissal because a right of action has not accrued.

*Heck v. Humphrey*, alone, is a sufficient ground to dismiss this action without prejudice. Nevertheless, the Magistrate Judge's Report goes further and discusses several substantive reasons why the various claims asserted have no merit.

Plaintiff was apprised of his right to file objections to the Report and he filed timely objections thereto. Despite its length, the objection memorandum in no way addresses the legal principles on which the Magistrate Judge recommended dismissal of this action. In fact, the plaintiff's memorandum does not even mention *Heck* or the other case law relied upon by the Magistrate Judge. The objection memorandum merely reasserts and expands the claims made in the underlying complaint.

After a careful review of the record, the applicable law, the Report and

---

no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

    IT IS SO ORDERED.

August 9, 2013                                        Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge